Tyce S. Smith, Smith & Muxlow, Waynesville, Dale H. Close, Richland, for appellant.

David Gregory Warren, Warren & Warren, Richland, for respondent.

### Florence Elaine GOODRICH, Respondent,

v.

### James Lee GOODRICH, Appellant.

### No. 13097.

Missouri Court of Appeals, Southern District, Division One.

March 7, 1984.

FLANIGAN, Presiding Judge.

This action for dissolution of marriage was instituted by Florence Elaine Goodrich, petitioner below and respondent here, against her husband James Lee Goodrich, respondent below and appellant here.

Appellant's sole point is that the trial court erred in awarding respondent $7,500 as "lump sum, non-periodic maintenance" because, among other reasons, there was no substantial evidence to support the award.

The childless marriage was of three years' duration. Both parties were in good health and gainfully employed. The wife's income substantially exceeded that of the husband. The petition contained no prayer for an award of maintenance,[1] and this court's review of the record discloses that the issue of maintenance was not tried by consent and there was no substantial evi-

---

1. "The petition in a proceeding for dissolution of marriage ... shall set forth: ... [6] the relief sought." § 452.310.2(6), RSMo 1978.

dence to support the making of the award. The contents of the decree make it clear that the trial court, in adjusting the property rights of the parties, took into consideration its award of maintenance. Since the award of maintenance must be set aside, fairness to the parties dictates that those portions of the decree purporting to deal with the disposition of property, both marital and non-marital, should also be set aside.

Those portions of the decree which dissolved the marriage, restored petitioner's maiden name, and required the parties to pay their own attorneys, are hereby affirmed. All other portions of the decree are reversed and the cause remanded for further proceedings consistent with this opinion. It is so ordered.

GREENE, C.J., and TITUS and CROW, JJ., concur.