In re the MARRIAGE OF Theresa C. MORRIS, Petitioner-Appellant,

and

George C. Morris, Respondent.

No. 14501.

Missouri Court of Appeals, Southern District, Division One.

March 20, 1987.

Charles M. Wesley, Waynesville, for petitioner-appellant.

Tyce S. Smith, Sr., Waynesville, for respondent.

DEAN WHIPPLE, Special Judge.

Appellant, Theresa C. Morris, and respondent, George C. Morris, were originally married on December 11, 1954. This marriage was dissolved on September 5, 1972. There were two children born of this first marriage, who are now emancipated.

At the time of the dissolution of the first marriage, appellant received the 1972 Marshfield mobile home, and respondent received the real estate that was owned by the parties, and which is in dispute in this appeal.

Respondent, who had been a career soldier, retired from the United States Army on June 1, 1971, and, at the time of the 1972 dissolution, his military retirement pension was fully vested and matured.

On December 2, 1972, appellant and respondent remarried. Appellant brought into the marriage the 1972 Marshfield mobile home, which the parties placed on the real estate owned by respondent.

On October 26, 1984, appellant filed a petition for legal separation, which, after amendment, alleged that the mobile home she received after the first dissolution was her own sole and separate property, and that the marital property included the vested military retirement pay of respondent and the tract of real estate (the real estate received by respondent after the first dissolution). In the prayer of her petition, appellant requested maintenance in the amount of $600 per month, division of the marital property, a proportionate share of respondent's military retirement pay, and other relief not pertinent to this appeal. No allegation for maintenance was made in the body of her petition.

In respondent's answer and cross petition for dissolution of marriage, he admitted there was marital property to be distributed, but specifically denied that the real estate and his military pension were marital property.

Evidence was presented at trial that appellant was employed. When she attempted to testify concerning her monthly expenses, respondent timely objected on the basis that such evidence was beyond the scope of the pleadings. The objection was sustained by the trial court, and evidence was then presented as an offer of proof. There was no dispute as to any of the property, except for respondent's military retirement pay and the real estate in ques-

tion. There was no testimony presented concerning the value of the military pension, or of the value of the real estate. The real estate had been in respondent's name alone since the September, 1972, dissolution of the parties, when appellant deeded the property to him.

On May 29, 1985, appellant filed a motion for leave to amend her petition to conform to the proof and a motion for leave to amend her first amended petition to plead facts which would support an award of maintenance. The trial court denied both of appellant's motions and entered judgment finding that appellant brought into the marriage, as her sole and separate property, the 1972 Marshfield mobile home and other personal effects described in the evidence; that respondent brought to the second marriage, as his sole and separate property, the real estate described in the petition, his vested and matured military retirement pay, and other personal effects not relevant here. The trial court further found that appellant's petition, as amended, did not constitute a part of the pleadings so as to frame any issues touching maintenance and, that if appellant desired to amend her pleadings, it was her responsibility to timely ask leave to do so. We affirm.

In points one and two of her appeal, appellant alleges that the trial court abused its discretion in denying her motion to amend her petition, which motion was filed 20 days after trial, and that the trial court erred in denying her request for maintenance. These contentions lack any merit.

The attempted amendment by appellant, filed 20 days after the case was tried, was an attempt to insert a recital in the petition stating facts sufficient to allow the trial court to grant her maintenance.

Section 452.300,[1] provides that "[t]he rules of the supreme court and applicable court rules apply to all proceedings under sections 452.300 to 452.415." Section 452.310.2(6) provides that the petition shall set forth "[t]he relief sought." Section 452.335 spells out what the court must find in order to award maintenance to any party to a dissolution action. Rule 55.01 provides that "There shall be a petition and an answer...." Rule 55.05 states:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the facts showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.

█ A reading of appellant's petition clearly indicates that it does not allege facts required to raise the issue of maintenance. While a request for maintenance was contained in the prayer of the petition, the law in Missouri is clear that, for the purposes of determining whether or not a party has complied with Rule 55.05, the prayer is not part of the factual pleading. *La Presto v. La Presto*, 285 S.W.2d 568, 571 (Mo.1955); *Stephenson v. McClure*, 606 S.W.2d 208, 213 (Mo.App.1980).

Rule 55.33(b), which provides the procedure that is to be followed when pleadings need to be amended to conform with evidence presented at trial, states: "Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment...." It is obvious from a review of the transcript that no motion was made by appellant when the timely objections were made by respondent challenging the introduction of evidence on the subject of maintenance.

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

Rule 55.33(b).

The filing of pleadings are intended to frame the issues to be tried and defended

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

at the trial court level. Rule 55.33(b) is intended to permit plaintiff to amend her pleadings when she introduces evidence that goes beyond the pleadings. A defendant, or respondent, is permitted to object to plaintiff making her motion for leave to amend a pleading on the basis that the plaintiff is going beyond the issues framed by the pleadings. These rules are intended to permit cases to be prepared for trial, and to be tried, in an orderly manner with the issues concisely stated and well-framed.

■ The day of attempting to "ambush" an opponent or "sandbag" him is not intended, or permitted, by today's rules of pleading and practice. In the instant case, appellant has filed an initial petition and a first amended petition, and only raised the issue of maintenance in the prayer for relief. Only at trial did appellant discover the omission of the recital of facts required by § 452.335, and attempt to amend the pleadings. When a party attempts to introduce evidence outside the scope of the pleadings, the responding party is entitled to object to the expansion of the evidence in the trial, and it is within the court's discretion as to whether or not to permit that amendment.

■ A review of the procedures in the trial of this case indicates that the proper procedure was followed by respondent in objecting to the offer of introduction of evidence and the ruling of the trial court to sustain respondent's objection was within the discretion of the trial court properly exercised in this case.

> [w]hile courts should be liberal in permitting amendments to pleadings, whether a particular amendment should be permitted is primarily within the sound judicial discretion of the trial judge whose action will not be disturbed where there is no showing that such discretion has been palpably and obviously abused.

*Kopff v. Miller,* 501 S.W.2d 532, 535–536 (Mo.App.1973).

Here, appellant has failed to present any evidence to show that the trial court abused its discretion in its ruling. We, therefore, find the trial court committed no error.

Appellant's third point relied on is that the respondent's military retirement pay is marital property.

The stipulated facts at trial were that the respondent entered the United States Army on February 15, 1951, and retired on June 1, 1971. At the time of his retirement, appellant and respondent were married, and subsequently divorced on September 5, 1972. The dissolution law in existence at that time did not allow the division of any military retirement program proceeds as marital property.

■ At the time of the present marriage of appellant and respondent on December 2, 1972, respondent's retirement was fully vested in him, and he was drawing his monthly retirement payments. Because this was his separate property, the trial court was without jurisdiction to apportion any part of respondent's military retirement to appellant. *Weast v. Weast,* 682 S.W.2d 86, 87 (Mo.App.1984).

Finally, appellant complains that the trial court erred in not permitting evidence at trial of respondent's misconduct. The evidence of misconduct she wished to present at trial which, to some extent, was shown by offers of proof, was that the respondent drank extensively during the marriage and spent up to $100 a week on consumption of alcohol.

■ A review of the transcript reveals that appellant received all of the marital property she requested, except those items of property that the trial court ruled were the separate property of respondent. Appellant, therefore, had no basis to complain about the rejection of the proffered evidence.

Judgment affirmed.

GREENE, P.J., and DOWD, LOWENSTEIN and PUDLOWSKI, Special Judges, concur.