**Vicky A. CZAPLA, Respondent,**

v.

**Philip J. CZAPLA, Appellant.**

No. 57418.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 15, 1991.

William R. Gartenberg, St. Louis, for appellant.

Aaron S. Dubin, Clayton, for respondent.

CRIST, Judge.

In this dissolution, husband appeals the trial court's order requiring husband to pay $338 per month in maintenance and $662 per month in child support. We affirm in part and reverse and remand in part.

The parties' twelve-year marriage was dissolved. They have two minor children. At trial, the court took judicial notice of all income and expense statements and statements of property filed by both parties. The parties stipulated to the admission into the record of various financial documents.

Husband and wife each testified regarding the financial circumstances of the union. Husband's mother testified regarding monies loaned husband and wife during their marriage. Wife testified regarding the minor children's emotional, behavioral and physical health as well as the children's medical expenses and financial needs. Wife also testified regarding her physical condition, her financial needs and her medical expenses. The trial court awarded $338 per month in maintenance and $662 per month in child support.

Husband contends the trial court erred in awarding wife maintenance because wife did not request maintenance in her petition for dissolution and husband does not believe any evidence was adduced at trial regarding wife's need for maintenance. We disagree.

■ When a party has failed to ask for maintenance by an appropriate pleading in a dissolution proceeding, an award for maintenance may be granted by the trial court when the issue of maintenance has been tried by consent of the parties, or when substantial evidence relevant to the issue has been introduced. *Riley v. Riley,* 778 S.W.2d 666, 668[1] (Mo.App.1989).

■ Wife did not plead maintenance nor did she ask to amend her pleading in order to request maintenance. However, we must review the record to determine whether the issue of maintenance was tried by consent of the parties, or if substantial evidence on the issue was introduced. *Riley,* 778 S.W.2d at 668[1].

Wife testified she had a gross pay of approximately $1054 per month from her job at Community Federal Savings and Loan as a relocation coordinator. She had made $1295 a month by working overtime, but it was not likely she would be able to work anymore overtime. Her sister lived with her, and although her sister did not contribute toward rental and utility expenses, she did contribute toward the food expenses and also helped wife raise her children by taking care of the children while she worked. She also testified to her own expenses including food and clothing

expenses, medical expenses and continuing education expenses.

Although wife did not specifically ask for maintenance at trial, numerous questions asked by her trial counsel were relevant and bearing upon the issue of maintenance. Furthermore, the following was asked wife by husband's counsel on cross-examination:

Q: Would you [wife] be able to support yourself on twelve hundred ninety-three dollars a month take-home pay?

A: No.

■ Some of wife's testimony about her needs and expenses was intermingled with wife's testimony about their children's expenses; however, there was substantial testimony relating strictly to wife's needs and expenses. The record is devoid of any objection by husband to wife's testimony. Failure to object to evidence offered beyond the scope of the pleadings results in automatic amendment of the pleadings to conform to the evidence and is a consent to try applicable issues. *Riley,* 778 S.W.2d at 669[2]. Husband's failure to object to questions soliciting wife's answers regarding her need for maintenance constituted an implied consent to try the maintenance issue and wife's responses to the questions resulted in an automatic amendment to her answer. *Id.*

■ Furthermore, the trial court's award of maintenance is supported by substantial evidence of her need for maintenance. Wife earns approximately $1054 per month gross income. The record reveals her needs and expenses exceed $1080 per month not including any of the minor children's needs or expenses. Additionally she has recently been treated for a back injury and has recently had eye surgery and will have to have more surgery for the eye. Husband's testimony reveals he has the means by which to pay the maintenance. Husband's gross weekly income is about $690 or $2760 per month. His expenses are about $2215 per month. However, this figure includes $713 for monthly mortgage payments on the marital home as well as $220 husband is paying in rent. Neither party lives in the marital home. The trial court ordered the marital home sold as

soon as possible. At that time husband will no longer have the $713 monthly mortgage payment as an expense, leaving his monthly expenses at $1502. The question of maintenance is within the sound discretion of the trial court. *In re the Marriage of Schatz,* 768 S.W.2d 607, 613[6] (Mo.App. 1989). The trial court did not abuse its discretion. This point is denied.

■ Husband next complains the trial court erred in requiring husband to maintain health insurance coverage on the minor children because there was insufficient evidence to support the award and the trial court's provision was too vague to be enforced.

The decree states:

[R]espondent ordered to maintain his present health insurance coverage as provided by his employer, Anheuser–Busch Companies, Inc., for the benefit of the children until the youngest of them shall be emancipated. Respondent shall be permitted to substitute comparable health insurance should he cease to be employed by Anheuser–Busch. Respondent is ordered to cooperate fully with the Petitioner for submission of all future medical and dental bills to his health insurer. Further, Respondent shall pay for all medical and dental bills incurred by the children, not covered by such insurance.

■ In the wake of *Echele v. Echele,* 782 S.W.2d 430 (Mo.App.1989), it is almost impossible to fashion a child support decree with such specificity as to be enforced by execution upon the happening of future events. We agree with the reasoning set forth in *Bryson v. Bryson,* 624 S.W.2d 92 (Mo.App.1981) and in *Glassberg v. Obando,* 791 S.W.2d 486 (Mo.App.1990): The education, support, welfare and needs of children are of such paramount importance as to permit the filing of a motion to implement the enforcement of such judgment upon the happening of such event. *Bryson,* 624 S.W.2d at 96[4]; *Glassberg,* 791 S.W.2d at 488–90[4, 5].

There is no question but that father is capable of providing the necessary dental,

medical and health coverage necessary to protect the needs of the two minor children. However, the provision providing for such can be made more specific. Therefore, we remand for the sole purpose of fashioning a more specific provision to the matter of the children's dental, medical and health insurance expenses and needs. It is this court's hope that the parties with the help of the trial court can agree to the proper language for such an amendment keeping in mind the needs of their minor children.

■ Finally, husband quarrels with the order requiring him to pay $662 per month for support of both children on the ground such award is more than the Missouri Child · Support Guidelines would require him to pay. The Missouri Child Support Guidelines, although accorded substantial consideration, are not binding authority and have no precedential value on trial courts in awarding child support. *Reese v. Reese,* 755 S.W.2d 437, 438–39[1–3] (Mo.App.1988).

■ The evidence presented supports the child support award. Wife testified to the needs of the children including their food, clothing, medical and educational expenses. Minor daughter has a chronic sinus and allergy problem and vision problems requiring surgery. Minor son has difficulty with his feet and ankles requiring medical attention. Both children are undergoing counseling. Each child has yearly education expenses totaling $3500.

Further, the Missouri Child Support Guidelines, although not in effect at the time of trial, would require husband to pay $625 per month in support. Viewed in this light, the discrepancy between the award and the Guidelines being only $37 per month, and with substantial evidence supporting the trial court's award, it cannot be said the trial court abused its discretion. This point is denied.

Judgment affirmed in part and reversed and remanded in part only for the purpose of fashioning a more specific provision regarding husband's duty to pay children's dental, medical and health expenses and insurance.

GARY M. GAERTNER, P.J., and SIMON, J., concur.