**Charles Thomas HIGGINS, Respondent,**

v.

**Bonnie Sue HIGGINS, Appellant.**

No. 67167.

Missouri Court of Appeals,
Eastern District,
Division One.

March 26, 1996.

Susan K. Roach, Chesterfield, for Appellant.

Corinne R. Coston and Mary Ann Weems, Clayton, for Respondent.

KAROHL, Judge.

Bonnie Sue Higgins (Wife) appeals after the trial court denied her awards of maintenance and attorney fees in a dissolution decree. We affirm.

Charles Thomas Higgins (Husband) filed a petition for dissolution of marriage. Wife filed an answer and cross-petition. In her answer and cross-petition, she did not ask for maintenance or attorney fees. Wife did not amend her pleadings prior to trial. She never asked leave to amend her cross-petition to include a request for maintenance or attorney fees.

On the date of trial, Husband filed a motion in limine requesting the trial court exclude any evidence regarding a claim for maintenance because of Wife's failure to request maintenance in her pleadings. The trial court granted the motion. During trial, Wife sought to introduce evidence regarding her attorney fees. Husband timely objected on the basis the evidence was beyond the scope of the pleadings. The objection was sustained by the trial court.

Wife contends the trial court erred in denying her maintenance despite her failure to ask for it in the pleadings. She argues the "EVIDENCE AT TRIAL AND THE COURT'S OWN FINDINGS OF FACT DEMONSTRATED HER NEED, AND HUSBAND HAD NOTICE OF WIFE'S INTENT TO REQUEST MAINTENANCE AT TRIAL."

It is well-settled that a party who fails to request maintenance in a pleading may not try the issue of maintenance except where the pleading was amended, the issue was tried by consent, or substantial evidence relevant to the issue was introduced. *Czapla v. Czapla*, 801 S.W.2d 785, 786 (Mo.App. 1991). Here, Wife never requested maintenance in her pleadings and never asked leave to amend. Nor was the issue of maintenance tried by consent. There was no substantial evidence relevant to the issue of Wife's need for maintenance. Husband successfully excluded such evidence through his motion in limine, and timely objected each time counsel attempted to ask Wife questions relevant to the issue of maintenance. Although some of Wife's testimony may have been relevant to the issue of maintenance, her testimony was equally relevant to other issues before the court.[1] Point denied.

Wife also contends the trial court erred in denying her request for attorney fees despite her failure to ask for them in her pleadings. She argues there was evidence she was without adequate funds, Husband's actions were the cause of Wife's impoverishment, and Husband's counsel had notice of Wife's intent to ask for attorney fees.

The trial court denied Wife attorney fees because she failed to ask for them in her pleadings. She did not raise the issue of

---

1. Wife's counsel, in seeking to have the court overrule Husband's objections to certain questions as relevant to the issue of maintenance, argued to the court the questions were relevant to the issues of contribution and division of property.

attorney fees in either her answer or cross-petition. Only at trial did she make clear her intention to seek attorney fees by attempting to introduce evidence regarding the issue. The court sustained Husband's timely objection to this evidence on the basis it was outside the scope of the pleadings. "When a party attempts to introduce evidence outside the scope of the pleadings, the responding party is entitled to object to the expansion of the evidence in the trial, and it is within the court's discretion as to whether or not to permit that amendment." *In re Marriage of Morris,* 726 S.W.2d 505, 508 (Mo.App.1987). The record does not support the contention Husband implicitly consented to try the issue of awarding Wife attorney fees. *See Riley v. Riley,* 778 S.W.2d 666, 669 (Mo.App.1989). Point denied.

The judgment is affirmed.

REINHARD, P.J., and GRIMM, J., concur.