**Betty Lou BRAY, Petitioner/Appellant, Cross–Respondent,**

v.

**Solomon Jerome BRAY, Respondent/Respondent, Cross–Appellant.**

Nos. 70425, 70479.

Missouri Court of Appeals, Eastern District, Southern Division.

July 8, 1997.

Rehearing Denied Aug. 26, 1997.

Dennis E. McIntosh, Farmington, for appellant.

Robin E. Fulton, Fredericktown, for respondent.

GRIMM, Judge.

In this dissolution action, both parties appeal. Wife raises three points. She alleges the trial court erred in (1) failing to award her attorney fees, (2) awarding her only $300 per month maintenance, and (3) dividing the marital property and ordering her to pay her credit card debts.

Husband also raises three points. He alleges the trial court erred in (1) exercising jurisdiction over him because he was never properly served, (2) awarding wife maintenance, and (3) its division of marital property. We affirm with a modification agreed to by the parties.

## I. Background

Husband and wife married in California in 1958 and lived there for the next 25 years. Three daughters were born of this marriage, all of whom are now emancipated.

In 1980, criminal charges were filed against husband for molesting their middle child. He was placed on five years probation. In order for wife to retain custody of the children, husband and wife separated for two years.

In August 1983, husband came to Missouri and purchased a house and a real estate business. He then had wife and the two younger daughters move to Missouri in December 1983. Husband joined them in June 1984 and lived here until August 1986. At that time, husband returned to California to foreclose on a piece of property. He contin-

ues to live there, returning to Missouri only for visits.

During the marriage, husband worked various jobs. At the time of trial, he worked as a lead maintenance mechanic and earned over $600 net per week. At husband's request, wife did not work outside the home before coming to Missouri.

Wife was born in 1939, has a high school education, and has a real estate broker's license. She worked in real estate for five years until she closed her company in 1989 because it was not financially successful.

Apparently from 1990 to 1995, wife did not have employment. Her only income was from rental property that the parties owned. Husband did not furnish her any additional financial support. However, in December 1990, husband paid $8,000 of wife's credit card charges.

In the early 1990's, she incurred her current credit card debts of about $8,000 because she did not have enough money to live on. In May 1995, wife obtained part-time work at a video store, earning approximately $250 per month.

Wife filed her petition in February 1993. On December 2, 1993, the trial court entered a PDL order directing husband to pay $600 per month as temporary maintenance. The trial court conducted the dissolution hearing on September 20, 1995.

In its judgment, the trial court awarded wife $300 per month maintenance. It assigned her the credit card debts and automobile debt totaling about $13,000 and directed that she hold husband harmless. Although the trial court did not assign values to the marital property, evidence presented at trial indicates wife was awarded approximately $239,000 in property.

The trial court awarded husband approximately $193,000 in property, not including machine tools that he owned. Husband estimated the tools were worth $100,000, but later said that he "boasted on the value." He stated that he no longer has immediate access to them due to a legal dispute. Wife said she had no idea as to their value. The trial court did not assign a value to them.

The trial court ordered husband to pay all federal and state income tax liabilities the couple had incurred through 1994. Each party was ordered to pay their own attorney fees.

## II. Wife's Appeal

### A. Attorney Fees

In her first point, wife alleges the trial court erred in failing to award her attorney fees. She contends that husband is "financially able to pay, [she] is not capable of self-support." Among other things, she argues that husband's dilatory actions caused her to incur additional fees.

■ As a general rule, parties to a dissolution are to pay their own attorney fees. *L.A.L. v. L.L.*, 904 S.W.2d 50, 55 (Mo.App. E.D.1995). This court will overturn the trial court's order only if it is shown that the trial court abused its discretion in refusing to order one party to pay the attorney fees of the other party. *Id.* To show this abuse of discretion, the complaining party must show that the order for attorney fees is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and to indicate a lack of deliberation. *Id.*

■ As of the day of trial, wife had incurred approximately $7,500 in attorney fees. The trial court awarded her approximately $239,000 of property. After she paid her other debts of about $13,000, she still would have $226,000 of property. We recognize that husband's income potential is greater than wife's. However, he was apparently awarded less property.

The award of a substantial amount of property to wife is sufficient to find the trial court did not abuse its discretion in ordering wife to pay her own attorney fees. Point denied.

### B. Maintenance

■ For her second point, wife alleges the trial court erred in awarding her only $300 per month maintenance. She contends this inadequate award will require her to consume her marital property for living expenses. She asks that we increase the award to $1,000 per month.

On her statement of income and expenses, wife reported monthly expenses of $1,138.50, including her credit card payments. She earns $250 per month, and will receive $775 monthly from rent or payments on loans the trial court awarded her. The award of $300 monthly maintenance provides her with sufficient income to meet the needs she expressed. Point denied.

### C. Marital Assets

For her third point, wife alleges the trial court erred in dividing the marital assets and in ordering her to assume and pay her credit card debts. She contends the result is a "disproportionate allocation of marital property."

■ The trial court is vested with considerable discretion in dividing the marital property. *Woolsey v. Woolsey*, 904 S.W.2d 95, 100 (Mo.App. E.D.1995). We will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Id.*

■ The trial court awarded wife approximately $239,000 in assets. She has debts amounting to approximately $20,000, including attorney fees. Thus, wife received a net distribution of approximately $219,000.

The trial court awarded husband approximately $193,000, plus the value of his tools. He was ordered to assume the couple's tax liability and pay his attorney fees. Neither the amount of the tax liability nor the attorney fees is disclosed in the record.

Wife has not demonstrated that the trial court abused its discretion in its division of the marital property. Point denied.

## III. Husband's Appeal

### A. Jurisdiction

■ For his first point, husband alleges the trial court erred in "exercising jurisdiction over [him], overruling [his] motion to quash, and entering its judgment." He primarily contends that he was not properly served.

On May 25, 1993, husband filed a motion to quash service and dismiss case. In that motion, he alleged that he "was served in the State of California on April 28, 1993 at the Law Office of Randy E. Bendel, who had served [husband] with a Notice of Deposition and Notice to Produce ... which deposition was taken in an improper and untimely manner and in violation of this Court order provided for seven days notice of deposition; and for the further reason that prior to taking the deposition, [husband] should have been served with a summons and was not."

The trial court overruled the motion. Subsequently, on November 3, 1993, husband and his attorney appeared for the hearing on wife's PDL motion. In June 1994, husband's attorney filed a Certificate of Readiness. In that certificate, husband's attorney certified that the case was at issue and that husband was ready for trial.

Husband first argues that no return of service was ever filed. Although husband filed a motion to quash and a motion for new trial, he did not raise this contention in either motion. Rather, he first raised it before this court. Wife has now filed with this court a return of service reflecting that husband was served on April 28, 1993.

Husband next argues that "in the event he was served with process, he was served improperly." He contends that in April 1993, he was served with a subpoena for a deposition. Husband contacted the person asking for the deposition and had it rescheduled. When he arrived for the deposition, he was served with the summons and petition.

Husband seems to argue that Missouri follows the general rule that litigants are "immune from service of process in one suit while in attendance in connection with the conduct of another." He argues that serving him with the petition and summons, as he "walked in the door" for his deposition, was improper and was the "type of fraud or trickery that is outlawed by" *Glaze v. Glaze*, 311 S.W.2d 575 (Mo.App. S.D.1958). We disagree.

■ *Glaze* recognized that the Missouri rule is that "service of *civil* process upon a nonresident defendant in a *criminal* case is not forbidden and will not be quashed, unless fraud or deceit has been practiced to procure the defendant's presence in a jurisdiction other than that of his residence." *Id.* at 578. The court goes on to state that "a finding of fraud must rest on something more substantial than suspicion, surmise and speculation." *Id.* at 579.

Here, the deposition husband attended was being taken for this dissolution proceeding and not another civil or criminal action. There was also no showing that fraud was used to procure husband's presence at the deposition. Husband rescheduled the deposition. He was served at wife's attorney's office while being represented by his own attorney.

■ Lastly, husband argues that an alias summons issued November 3, 1993, constituted an abandonment of the original service. He contends that the moment the new summons is issued, the responding party is no longer in court.

Husband acknowledges that the record does not disclose who requested the summons or why it was issued. Apparently both husband and wife were unaware of the request for an alias summons until husband raised this issue on appeal.

Although this "defect" in the record exists, nothing in the file before us establishes that wife caused the alias summons to issue. Moreover, any such defect may be waived if not raised in a timely manner. *See State ex rel. Tinnon v. Mueller*, 846 S.W.2d 752, 755 (Mo.App. E.D.1993). This defect is deemed waived. Point denied.

### B. Wife's Maintenance

■ For his second point, husband alleges the trial court erred in awarding wife maintenance. He first contends that "there are no factual pleadings in the body of the petition to support an award of maintenance."

In wife's petition, she alleged that she was unemployed, husband was employed, and the couple had marital debt. She prayed that she "be awarded a reasonable sum as and for her maintenance and support."

On the same day that wife filed her petition, she also filed a PDL motion for tem-

porary maintenance. In that motion, she alleged she was unemployed and lacked sufficient income to meet her needs. Further, she alleged husband was employed and had sufficient income to contribute toward her support. She asked for $1,000 per month. A contested hearing on the motion was held and the trial court awarded wife $600 per month.

Husband argues that this case is "identical" to *In re Marriage of Morris,* 726 S.W.2d 505 (Mo.App. S.D.1987). In *Morris,* the wife requested maintenance in the prayer of her petition but no factual allegation was made in the body of the petition. *Id.* at 506. When she attempted to present evidence of her monthly expenses, the husband timely objected. *Id.* The wife filed a motion to amend her petition twenty days after trial. *Id.* at 507. The trial court denied her motion and held that if the wife desired to amend her pleadings, "it was her responsibility to timely ask leave to do so." *Id.* The southern district affirmed. *Id.*

The *Morris* court found the filing of pleadings are intended to frame the issues to be tried and defended. *Id.* The court found that Rule 55.05 is intended to permit a case to be prepared for trial, and to be tried in an orderly manner with the issues stated concisely and well-framed. *Id.* at 508. The court also stated that "attempting to 'ambush' an opponent or 'sandbag' [the opponent] is not intended, or permitted, by today's rules of pleading and practice." *Id.*

*Morris* is distinguishable from the case here. Here wife's petition alleged she was unemployed and husband was employed. She prayed for maintenance. Moreover, she filed a PDL motion seeking maintenance. Husband contested the PDL motion, a hearing was conducted, and the trial court awarded $600 per month temporary maintenance. The dissolution hearing was almost two years later.

Under the facts and circumstances of this case, husband was not "ambushed" or "sandbagged" by wife. The trial court did not err in permitting wife to introduce evidence to support her prayer for maintenance.

 Husband also argues that there is no evidence to support the maintenance award. A trial court has broad discretion in awarding maintenance. *Stein,* 831 S.W.2d at 690. The burden to demonstrate an abuse of that discretion is on the complaining spouse. *Id.*

During this long term marriage, at husband's request, wife did not work outside the home. She has a high school education. Wife receives $775 a month from various sources of income. Her claimed expenses are $1,140. We cannot say that the trial court abused its discretion in awarding her $300 per month to help cover this shortfall. Point denied.

### C. Property Award

For his third point, husband alleges the trial court erred in awarding the real estate properties to wife. Instead, he contends that "this court should enter its order awarding such real estate to husband and [order] husband to pay $227,500 to wife."

Wife agrees with this point in her reply brief. She grants her "consent to the entry of an order" as husband requested. At oral argument, this court inquired of counsel if the parties still desired to have such an order entered. Both replied in the affirmative.

 Pursuant to the joint request of the parties and Rule 84.14, paragraph 6 of the decree of dissolution which awarded wife five pieces of property is conditionally modified. If within thirty days of the date of this court's mandate, husband deposits with the Circuit Clerk of Madison County, Missouri the sum of $227,500, paragraph 6 of the decree is modified to award that property to husband. Further, the decree is modified to award the $227,500 to wife.

However, if husband does not deposit $227,500 within thirty days of this court's mandate, then the decree is not modified. In such circumstances, husband's third point is denied. Subject to this modification, the trial court's judgment is affirmed.

GERALD M. SMITH, P.J., and CRAHAN, J., concur.