**Vicky A. CZAPLA, Respondent,**

v.

**Philip CZAPLA, Appellant.**

**No. ED 80649.**

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 21, 2003.

Mary Ann Weems, Clayton, MO, for appellant.

Aaron S. Dubin, Clayton, MO, for respondent.

WILLIAM H. CRANDALL, JR., P.J.

Husband, Philip Czapla, appeals from the dismissal of his claim relating to maintenance that he raised in his motion to modify the decree of dissolution of his marriage to wife, Vicky A. Czapla. We affirm.

The decree of dissolution of the parties' marriage was entered in June 1989. The court ordered, among other things, husband to pay wife "the sum of $338.00 per month as and for maintenance, not subject to modification." Husband appealed from the decree of dissolution. He challenged the award of maintenance on the grounds that wife did not request maintenance in her petition for dissolution and that no evidence of wife's need for maintenance was adduced at trial. This court affirmed that part of the decree of dissolution relating to maintenance, but reversed on other grounds and remanded. *Czapla v. Czapla,* 801 S.W.2d 785, 788 (Mo.App.1991) (hereinafter *Czapla I*). Upon remand, the trial court entered judgment in accordance with the decision in *Czapla I.*

In May 2000, husband filed a motion to modify, requesting, among other things, a termination of his maintenance obligation. Wife filed a motion to dismiss that part of the motion to modify relating to maintenance. The trial court granted the motion, dismissing that portion of husband's motion on the basis that the decree of dissolution expressly precluded modification of the maintenance award. Wife filed other motions that are not relevant to this appeal. Husband then filed an amended motion to modify. The trial court entered judgment on the amended motion, finding,

among other things, that husband's maintenance obligation was not modifiable by the terms of the original decree of dissolution. Husband appeals from that part of the judgment.

Husband first contends that the trial court erred in enforcing the maintenance provision in the original decree of dissolution, because decretal maintenance is nonmodifiable only if a prior separation agreement so provides and there was no such agreement in this case. He relies on section 452.325.6 RSMo 2000, which states, "Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree *if the separation agreement so provides.*" (Emphasis added). He argues that the award of nonmodifiable decretal maintenance was void because such an order exceeded the court's jurisdiction.

Yet, section 452.325.6 is not applicable to court-ordered decretal maintenance. Decretal maintenance is awarded by the trial court either in the absence of a settlement agreement or pursuant to a separation agreement. *Bradley v. Bradley,* 880 S.W.2d 376, 378 (Mo.App. W.D. 1994). Separation agreement decretal maintenance is distinct from decretal maintenance awarded in the absence of a separation agreement. Separation agreement decretal maintenance is modifiable, unless the parties specifically agree to preclude or limit modification. *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 397 (Mo. banc 2001). Section 452.325.6 relates only to the modification of decretal maintenance awarded in accordance with a separation agreement, not decretal maintenance ordered by the trial court. Thus, section 452.325.6 does not preclude court-ordered decretal maintenance from being nonmodifiable, even in the absence of an agreement between the parties. In addition, section 452.335.3 RSMo 2000 recognizes that court-ordered decretal maintenance may be nonmodifiable by requiring the trial court to "state if [maintenance] is modifiable or nonmodifiable."

Missouri case law also acknowledges that courts may order nonmodifiable decretal maintenance. In *Mullins v. Mullins,* 91 S.W.3d 667, 668 (Mo.App. W.D. 2002), the wife filed a petition for dissolution. The trial court entered a default judgment for the wife and awarded nonmodifiable maintenance. *Id.* The court rejected the husband's argument that the court exceeded its jurisdiction in awarding nonmodifiable maintenance, where the wife requested only maintenance, not nonmodifiable maintenance. *Id.* at 673. The court stated that the only requirement for an order providing for nonmodifiable maintenance is that it be justified by the facts and circumstances of that particular case. *Id.* Thus, case law does not preclude court-ordered nonmodifiable decretal maintenance and the trial court had jurisdiction to enter such an order in the present case.

Having determined that the court had jurisdiction, the trial court's award of nonmodifiable maintenance is not void and must be reviewed on the basis of trial court error. The question then is whether husband is entitled to challenge in a motion to modify the nonmodifiable aspect of the maintenance award after there has been an appeal from the original decree of dissolution. Generally, a motion to modify should not be used as an appeal from the initial decree of dissolution. *McKinney v. McKinney,* 901 S.W.2d 227, 229 (Mo.App. S.D.1995). Moreover, pursuant to the doctrine of the "law of the case," a former adjudication is conclusive not only as to all questions raised directly and passed upon, but also as to matters which arose prior to the first appeal and which might have been raised thereon but were

not. *Walihan v. St. Louis–Clayton Orthopedic Group, Inc.,* 891 S.W.2d 545, 547 (Mo.App. E.D.1995). In *Czapla I,* husband did not raise the issue of whether the trial court erred in ordering the maintenance to be nonmodifiable. He challenged the award of maintenance only on the grounds that wife did not request maintenance in her petition for dissolution and that no evidence of wife's need for maintenance was adduced at trial. *Czapla I,* 801 S.W.2d at 786. This court affirmed that part of the decree of dissolution relating to maintenance. *Id.* at 787. In the first appeal, husband could have raised the issue of whether it was error for the trial court to make the maintenance award nonmodifiable. To permit him now to raise that issue in the present appeal contravenes the "law of the case" doctrine. Husband's points on appeal are denied.

The judgment of the trial court is affirmed.[1]

SHERRI B. SULLIVAN, J., and GLENN A. NORTON, J., concur.

---

1. Wife's motion to dismiss husband's appeal is denied.