In re the MARRIAGE OF Michael Edward GOULD and Cynthia Joanna Gould.

Michael Edward Gould,
Petitioner/Appellant,

v.

Cynthia Joanna Gould,
Respondent/Respondent.

No. ED 87462.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 26, 2006.

Gary E. Brotherton, Legal Writes, LLC, Columbia, MO, for appellant.

Cynthia Gould, Cedar Hill, MO, pro se.

KATHIANNE KNAUP CRANE, Judge.

In this dissolution of marriage proceeding, husband appeals from that part of the trial court's judgment that awarded wife $100.00 in monthly modifiable maintenance. We reverse that part of the judgment granting wife maintenance because wife did not file a pleading alleging facts entitling her to maintenance, the issue was not tried by consent, and wife did not introduce evidence on the issue.

Michael Edward Gould ("husband") and Cynthia Joanna Gould ("wife") were married on April 27, 1991. One child was born during the marriage. On March 7, 2005, husband filed a petition for dissolution of marriage. Wife did not file any responsive pleadings and did not appear at the trial. On May 20, 2005, the trial court entered a judgment and decree of dissolution of marriage. On June 20, 2005, wife filed a motion to vacate the judgment and decree. After a hearing on this motion, the trial court set aside its May 20, 2005 judgment and decree. Wife subsequently moved for leave to file responsive pleadings, which motion the trial court granted. Thereafter, husband filed a motion *pendente lite* (PDL motion) for child custody, child support, and possession of the marital home. In the prayer of her response to the PDL motion, wife requested child custody, possession of the marital home, and maintenance. Wife never filed a responsive pleading to husband's dissolution petition, and she never filed a pleading containing factual allegations supporting a claim for maintenance.

At trial, husband testified that neither party had requested maintenance and asked that the court not award maintenance to wife. Because wife was in default, she could not testify or introduce evidence. In closing argument, wife's attorney argued that wife should receive maintenance because she had not worked in eight years, owned insufficient property to provide for her reasonable needs, was unable to support herself, and only had $9,400.00 in annual income. Husband's attorney responded that wife had not requested maintenance and that she had not produced any evidence on her needs. Husband's attorney asked the court to find that wife was not entitled to maintenance.

The court observed that no evidence had been offered on wife's needs. However, it concluded that wife was entitled to maintenance, although it had insufficient evidence to make a determination of maintenance beyond the sum of $100.00 per month.

In its written judgment, the trial court reiterated that wife had failed to file an answer or any responsive pleadings and remained in default. The court specifically found:

[T]he only evidence of income is from the Missouri Supreme Court Form 14 and [the Court] finds that the Petitioner has an income of $4,162.00 per month and the Respondent has an income of $771.00 per month. The court further finds there has been no evidence of the health of [sic] Respondent, no medical

evidence or other evidence of the extent of her disability. The court finds that Respondent is entitled to maintenance, but has insufficient evidence to grant maintenance to Respondent beyond One Hundred Dollars ($100.00) per month as statutory modifiable maintenance and orders that Petitioner pay to Respondent the same as statutory modifiable maintenance.

The court ordered husband to pay wife $100.00 per month as statutory modifiable maintenance. Husband appeals.

### DISCUSSION

 On appeal, husband's primary challenge is to the award of maintenance.[1] We agree that the trial court erred.

 First, to be entitled to maintenance, a spouse must file a pleading containing factual allegations showing entitlement to maintenance. *See* In re Marriage of Morris, 726 S.W.2d 505, 507 (Mo.App. 1987). Wife failed to do so. Her request for maintenance contained in the prayer of her response to the PDL motion was not part of the factual pleadings and did not constitute a cross-petition. *See Johnson v. Johnson,* 112 S.W.3d 460, 464–65 (Mo.App. 2003).

 Next, a party who fails to request maintenance in a pleading may not be awarded maintenance unless the pleading has been amended, the issue was tried by consent, or substantial evidence relevant to the issue was introduced. *Higgins*

*v. Higgins,* 918 S.W.2d 383, 384 (Mo.App. 1996); *Morris,* 726 S.W.2d at 507–08. In this case wife did not file amended pleadings and the parties did not try the issue of maintenance by consent. Finally, because of her default, wife did not introduce any evidence relevant to maintenance at trial.[2] Evidence that may have been relevant to maintenance, such as wife's income, was equally relevant to the child support issues before the court. Accordingly, the introduction of that evidence did not constitute consent to the trial of maintenance.

The trial court misapplied the law in awarding wife maintenance. *Higgins,* 918 S.W.2d at 384; *Morris,* 726 S.W.2d at 507–08. This point is granted.

### Conclusion

The part of the trial court's judgment awarding maintenance is reversed. In all other respects, the judgment is affirmed.

ROY L. RICHTER, P.J. and SHERRI B. SULLIVAN, J., concur.

1. Husband also claims that the trial court had no jurisdiction to act on wife's Rule 75.01 motion to set aside the May 20, 2005, judgment because more than thirty days had passed when wife filed her motion. We disagree. The trial court entered its judgment on May 20, 2005. The thirty-day period began to run on May 21, 2005. *See* Rule 44.01(a). The thirty-day period ended on June 19, 2005, which was a Sunday. Because the thirty-day period ended on a Sunday, wife had until the next day, Monday, June 20, 2005, in which to file her motion. *Id.* Wife filed her motion to vacate on June 20, 2005, within the thirty-day period.

2. Wife's statement of income and expenses filed with the court was not offered into evidence. *Waite v. Waite,* 21 S.W.3d 48, 53 (Mo.App.2000).